Zhang v. Whitaker

BIA
A073 539 299

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand nineteen.

PRESENT:
    JON O. NEWMAN,
    DENNIS JACOBS,
    PIERRE N. LEVAL,
        *Circuit Judges.*
_____

ZUPING ZHANG,
        *Petitioner,*

    v.                                              14-3982
                                                    NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:            Theodore N. Cox, New York, NY.

FOR RESPONDENT:            Benjamin C. Mizer, Principal
                           Deputy Assistant Attorney General;
                           Ernesto H. Molina, Jr., Assistant

1

Director; Nancy N. Safavi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zuping Zhang, a native and citizen of the People's Republic of China, seeks review of an October 17, 2014, decision of the BIA denying her motion to reopen as untimely. *In re Zuping Zhang,* No. A073 539 299 (B.I.A. Oct. 17, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case. The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

Zhang moved to reopen her deportation proceedings to present new evidence in support of her claimed fear of persecution in China based on the births of her U.S. citizen children in violation of China's population control program. It is undisputed that Zhang's motion to reopen was untimely filed more than 16 years after her deportation order became

2

04122018-6

final. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time limitation does not apply, however, if the motion is to reopen proceedings in order to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

For largely the same reasons set forth in *Jian Hui Shao*, we find no error in the agency's determination that Zhang failed to demonstrate a material change in conditions in China as needed to excuse her untimely filing. *See* 546 F.3d at 159-66, 169-73. While the petitioners in *Jian Hui Shao* were from Fujian Province, and Zhang is from Zhejiang Province, as with the evidence discussed in *Jian Hui Shao*, Zhang's evidence related to Zhejiang Province does not show that the "forc[ing]" and "request[ing]" to secure sterilization, that is described in one township's progress report, involved force sufficient to constitute persecution. *See id.* at 160-61, 165-66, 171-72.

3

04122018-6

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

4

04122018-6